FILED

5·26·2020

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 3:19-cr-63-J-39MCR

MICHAEL GLENN CHOPE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, MICHAEL GLENN CHOPE, and the attorney for the defendant, Lisa Call, Esq., mutually agree as follows:

**A.     Particularized Terms**

1.     Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment, which charge the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a).

2.     Minimum and Maximum Penalties

Each of Count One and Count Two is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000,

Defendant's Initials _MGC_                    AF Approval _____

a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals.

With respect to each of Count One and Count Two and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life, and an additional term of supervised release can be imposed. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years, and an additional term of supervised release can be imposed.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and

Defendant's Initials *MBC*                    2

other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

The cumulative maximum penalty for both counts is, if the terms are ordered to run consecutive to one another, a mandatory minimum term of 30 years' imprisonment, a maximum of 60 years' imprisonment, a fine of $500,000, a term of supervised release of at least 5 years up to life, and a mandatory special assessment of $200 due on the date of sentencing, as well as the $10,000 special assessment if the defendant is determined to be non-indigent as explained above. If the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 10 years and up to 2 life terms, and an additional term of supervised release can be imposed.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 6 years, and an additional term of supervised release can be imposed.

Defendant's Initials _MSC_                      3

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Two are:

<u>First</u>:    an actual minor, that is, a real person who was less than 18 years old, was depicted;

<u>Second</u>:    the Defendant used, persuaded, induced, enticed, coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

<u>Third</u>:    the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, charged by Indictment, Count Three and Four, will be dismissed as to this defendant pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. <u>Restitution to Any Minor Victims of Offenses</u>
<u>Committed by Defendant, Whether Charged or Uncharged</u>

Pursuant to 18 U.S.C. §§ 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether

Defendant's Initials _MSC_      4

or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.   Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

      6.   <u>Sex Offender Registration and Notification</u>

      The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.   Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a

student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      7.    <u>Acceptance of Responsibility - Three Levels</u>

      At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

      Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional

level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following:

    A.   Seized from defendant's residence:

        1.   Western Digital External Hard Drive,
           Serial Number: WXE506167810;

        2.   Samsung Galaxy S7 SM-G930T,
           Serial Number: R58H5010ZHN;

        3.   HP All-in-One Computer,
           Serial Number: 4CS4240311; and

        4.   HP Pavilion Tower, Serial Number: MXX2030602;

    B.   Seized from storage unit:

        5.   Western Digital Hard Drive,

Defendant's Initials _MPC_                    7

Serial Number WMA8C2641219;

6.     Hitachi Hard Drive, Model HDP725025GLA380, Serial Number: GEK230RBTL3UMA;

7.     Samsung Galaxy SIII, Model: SCH-I535;

8.     HTC Phone, Model: ADR6400LVW; and

9.     Samsung Phone; Model: SGH-T599NUD;

which assets contain images of child pornography and/or were used to facilitate the violations charged in Counts One and Two.  The defendant further consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials *MGC*                    8

forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other

Defendant's Initials _MSC_                9

documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that

Defendant's Initials _MBC_                    10

forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _M.H._                11

**B.     Standard Terms and Conditions**

     1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District

Defendant's Initials *M.S.C.*     12

Court" within ten days of the change of plea hearing.   The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any

Defendant's Initials *MBC*          13

misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the

Defendant's Initials _MJC_        14

purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's

Defendant's Initials _MJC_      15

sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from her waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will

Defendant's Initials _M S C_          16

bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    9.    <u>Filing of Agreement</u>

        This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause,  at the time of defendant's entry of a plea of guilty pursuant hereto.

    10.    <u>Voluntariness</u>

        The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials *MSL*      17

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _M DC_          18

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _19TH_ day of _MAY_____, 2020.

MARIA CHAPA LOPEZ
United States Attorney


_____
MICHAEL GLENN CHOPE
Defendant

By: _ASHLEY WASHINGTON
Assistant United States Attorney


_____
LISA CALL, ESQ.
Attorney for Defendant

_____
KELLY KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division


Defendant's Initials _MGC_          19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                Case No. 3:19-cr-63-J-39MCR

MICHAEL GLENN CHOPE

PERSONALIZATION OF ELEMENTS

*Count One:*

1.      On or about February 24, 2018, in the Middle District of
Florida, and elsewhere, did you employ, use, persuade, induce, entice and
coerce a child victim to engage in sexually explicit conduct for the purpose
of producing a visual depiction of the conduct?

2.      Was the child victim an actual minor, that is, a real person
who was less than 18 years old, depicted in the image?

3.      Was the visual depiction produced using materials that had
been mailed, shipped, and transported in and affecting interstate
commerce?

Defendant's Initials *MGC*                    20

*Count Two:*

1.          On or about February 24, 2018, in the Middle District of Florida, and elsewhere, did you employ, use, persuade, induce, entice and coerce a child victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

2.          Was the child victim an actual minor, that is, a real person who was less than 18 years old, depicted in the image?

3.          Was the visual depiction produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce?

Defendant's Initials *MSC*                    21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:19-cr-63-J-39MCR

MICHAEL GLENN CHOPE

## FACTUAL BASIS

On February 5, 2019, the Clay County Sheriff's Office (CCSO) received a cyber tip originating from Chatstep, and disseminated by the National Center for Missing and Exploited Children (NCMEC) for investigation. Chatstep is an anonymous online chatroom service company. The cyber tip was sent after Chatstep suspected an image depicting child sexual abuse material (CSAM) was shared in a chatroom. Florida State subpoenas had already been issued to and returned by Chatstep and Yahoo for information related to the cyber tip. As a result of the subpoena, Chatstep provided the user name of the Chatstep user who shared the suspected image of CSAM as "FLDaddy" and an email address of tiggr_mg@yahoo.com. As the result of a subsequent Florida state subpoena, Yahoo provided the subscriber of the email address as "Mr S C", Orange Park, FL 32072, among other identifiers. Queries by Det. Ellis of two (2) separate law

Defendant's Initials _M JC_                    22

enforcement databases associated the phone number provided by Yahoo with the defendant, MICHAEL GLENN CHOPE.

On March 13, 2019, CCSO Detective Ryan Ellis contacted the defendant at his residence after receiving the NCMEC Cyber Tip. During Det. Ellis's interview, the defendant confirmed his email address and telephone number as the same as provided in the information as a result of the state subpoenas. He stated he is the only person to use both the email address and his cellular phone. He confirmed he does not allow anyone else to use his electronics and his computers and cellular phone are password protected. He stated the internet at his home is password protected and secure. He admitted to previously having a Chatstep account and his user name was "FLDaddy." He stated he was the only person to use and have access to the Chatstep account/online service. Det. Ellis then advised the defendant he wanted to speak with him specifically about child pornography and other child abusive material. The defendant stated he has seen child pornography numerous times while online and has seen child pornography while on Chatstep. He also admitted to possessing child pornography and indicated he knows what child pornography is and knows it is illegal. He admitted to viewing images of nude prepubescent children and images of children sexually active with adult men. He stated his electronics in the home at the time were used in the past to view and possess child

Defendant's Initials _MℋℒC_          23

pornography. Det. Ellis asked the defendant if he currently had any child pornography and he stated he had some on his Hewlett Packard (HP) tower, but deleted it all. He then stated he could have child pornography on his other HP computer as well. Det. Ellis asked the defendant if he had child pornography on his cellular phone and he stated, "yes I do." Det. Ellis asked the defendant if the electronics in his room had child pornography and he stated, "you will find some." Det. Ellis subsequently seized a Samsung Galaxy smart phone, a Western Digital External Hard Drive, a HP Desktop, and a HP All-in-One computer from the defendant's residence.

On March 20, 2019, Det. Ellis applied for and was granted a state search warrant for the four (4) devices mentioned above. During an initial forensic review of the devices, hundreds of images of child sexual abuse material were discovered. In addition, numerous images produced by the defendant depicting his sexual abuse and sexual exploitation of a prepubescent child were discovered.

On March 27, 2019, Det. Ellis was able to identify the victim in the produced images as a child to whom the defendant had access.

On April 3, 2019, Homeland Security Investigations Special Agent Benjamin Luedke and Det. Ellis viewed several of the produced images. The images were produced in a series-type fashion, depicting a prepubescent female

Defendant's Initials _____        24

child dressed and then in various stages of undress, and posing sexually. Two
(2) of the images, each of which were discovered on the storage card from the
defendant's Samsung Galaxy S7 smartphone, are as follows:

    1. On or about creation date and time: February 24, 2018 at 7:36:28 PM

    **Description:** The image depicts a prepubescent female child, who has
been identified by law enforcement, lying on her back with her legs in the air
and spread open. The child is completely nude and appears to be holding her
legs. An adult penis is anally penetrating the child. The image appears to be
taken from the viewpoint of the adult looking down at the child.

    2. On or about creation date and time: February 24, 2018 at 7:39:39 PM

    **Description:** The image depicts an adult male performing oral sex on a
prepubescent female child. The adult male's tongue is in contact with the child's
vaginal area. The forensic review of this file indicates that this image was
produced three minutes after the image in File No. 1 above.

    SA Luedke recognized the adult male depicted in the image in File No.
2 as the defendant from his review of his photograph from the Florida Driver
and Vehicle Identification Database. Further, Det. Ellis confirmed the adult
male pictured was the defendant with whom he had contact on March 13, 2019.

    SA Luedke examined the Samsung Galaxy S7 smart phone and the
storage card discovered within and the smart phone bore a stamp indicating it
was manufactured in Vietnam and the storage card bore a stamp indicating it
was made in China.

Defendant's Initials _M.S.C._         25